UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAVID R. MCGEE,

                        Plaintiff,            06-CV-0037-T

          v.                                  **DECISION**
                                                      **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____

## **INTRODUCTION**

Plaintiff David R. McGee ("Plaintiff") brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Linda M. Bernstein denying his application for benefits was erroneous and not supported by substantial evidence contained in the record and was not supported by the applicable law.

Plaintiff seeks reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that ALJ Bernstein's decision was supported by substantial evidence

---

[1] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York, by Order dated April 28, 2008.

contained in the record. Plaintiff opposes the Commissioner's motion and has requested appointment of counsel.

For the reasons set forth below, I deny Plaintiff's application for appointment of counsel. I further find that the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law, and, therefore, I grant the Commissioner's motion for judgment on the pleadings.

## BACKGROUND

On December 1, 2003, Plaintiff, who was then 31 years old, filed an application with the Social Security Administration for Disability Insurance Benefits. Plaintiff claimed an inability to work since January 3, 2002 (Tr. at 49), due to borderline intellectual functioning (see Tr. at 31), human immunodeficiency virus ("HIV"), neuropathy, and depression (Tr. at 110). Plaintiff's application was denied initially on February 23, 2004 (Tr. at 35-42). He then filed a timely request for a hearing before an ALJ (Tr. at 43). Although he was represented by counsel, Plaintiff did not appear at the administrative hearing before ALJ Bernstein on May 31, 2005 in Buffalo, NY because he was incarcerated at the time (Tr. at 29-33).

In a decision dated June 8, 2005, ALJ Bernstein found that although Plaintiff's HIV, thrombophlebitis, alcohol dependence (in remission), and borderline intellectual functioning were severe, the Plaintiff was not disabled within the meaning of the Social Security Act (Tr. at 21-22). Plaintiff appealed that

decision to the Social Security Appeals Council ("Appeals Council") on June 15, 2005 (Tr. at 397-98).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on June 30, 2005 (Tr. at 4). On December 5, 2005, Plaintiff received an extension of time in which to file his Complaint. Attach. to Compl., Letter from Dorothy Roane, Social Security Administration, to David R. McGee of 12/05/05. Thereafter, on January 18, 2006, Plaintiff, appearing pro se, filed this action appealing the Commissioner's decision.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. This section has been made applicable to Disability Insurance Benefits cases by § 42 U.S.C. 1383(c)(3). 42 U.S.C. § 405(g) directs that when considering such a claim, the district court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were

supported by substantial evidence. See Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo). The court also is authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).

The Commissioner asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.**

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520. Pursuant to the five-step analysis set

forth in the regulations, the ALJ, when necessary, will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. Id. § 404.1520(4).

Under step one of that process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (Tr. at 14).

ALJ Bernstein found that Plaintiff suffered from HIV, thrombophlebitis, alcohol dependence (in remission), and borderline intellectual functioning (Tr. at 17). At step two of the analysis, she found these impairments to be severe within the meaning of the Regulations. A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1520(a)(4)(ii) and § 404.1520(c).

In order to make a finding of disability at step three of the analysis, the ALJ must find that an impairment meets or equals one of the listings in Appendix 1 of Subpart P of the

regulations, as well as the 12-month duration requirement. 20 C.F.R. § 404.1520(4)(iii). See also 20 C.F.R § 404.1509. The ALJ found that Plaintiff's impairments were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Subpart P (Listings 14.08 (HIV), 11.14 (Peripheral Neuropathies), 12.05 (Mental Retardation), and 12.09 (Substance Addiction Disorders)). At the third step, the Commissioner considers the medical severity of the claimant's impairments. In order to make a finding of disability, the impairments must meet or equal one of the listings in Appendix 1 of Subpart P, as well as the 12-month duration requirement. Id. § 404.1520(4)(iii). See also Id. § 404.1509. The ALJ noted that Plaintiff reported impairments due to fatigue and substance-induced mood disorder, but the ALJ found these to be "non-severe" impairments because they caused Plaintiff few work-related restrictions. The ALJ further found that Plaintiff had no other severe impairments.

At steps four and five of the five-step evaluation process, the ALJ determined that Plaintiff is unable to perform any of his past relevant work activity (Tr. at 20), which includes employment as a janitor, parts mechanic, forklift operator, and food packer (Tr. at 91). The ALJ concluded, however, that Plaintiff retained the residual functional capacity to perform sedentary work (Tr. at 20). Sedentary work involves lifting no more than ten pounds and occasionally lifting or carrying items such as docket files, ledgers, and small tools. 20 C.F.R.

§ 404.1567(a). Based on the entire record, and particularly the medical evidence in the record, I find that substantial evidence supports the ALJ's determination that the plaintiff is not disabled.

### A. The ALJ's finding that Plaintiff is not disabled is supported by substantial medical evidence in the record.

Plaintiff contends that the medical evidence in the record supports a finding of disability. However, upon review of the record I find that there is substantial medical evidence in the record to support the ALJ's conclusion that Plaintiff is not disabled.

In determining which of Plaintiff's alleged impairments rise to the requisite level of being "severe," as required in step two of the five-step analysis, the ALJ determined that two of Plaintiff's ailments (fatigue and substance-induced mood disorder) were "non-severe" since they caused few work-related restrictions (Tr. at 17). Although the ALJ did not consider whether or not Plaintiff's depression (see Listing 12.04) or recurrent diarrhea (see Listing 5.08) constituted severe impairments, there is substantial evidence in the record to support a finding that Plaintiff's symptoms of depression and allegations of diarrhea do not constitute severe impairments.

In determining whether or not the plaintiff suffered from severe impairments, the ALJ found that four of the plaintiff's conditions qualified as "severe" within the meaning of the Regulations, but that these impairments were not, either singly

or in combination, disabling pursuant to Appendix 1, Subpart P, Regulations No. 4 (Tr. at 17). In making these findings, the ALJ cited opinions and records of treating physicians as well as consultative physicians. While the medical record reveals that Plaintiff suffers from several physical ailments, the record supports the ALJ's conclusion that Plaintiff is not disabled under the Social Security Act.

> 1.  Plaintiff's HIV disease does not meet the requirements for listing under 14.08.

The medical evidence supports the ALJ's finding that Plaintiff's HIV is not associated with any of the bacterial infections, viral infections, fungal infections, protozoan or helminthic infections, malignant neoplasms, hematological abnormalities, or neurological abnormalities that would warrant a finding of disability under Listing 14.08. There are no laboratory reports or other evidence in the medical record of any of these manifestations at the levels required for disability listing.

Similarly, the ALJ was justified in finding that Plaintiff's HIV is not associated with HIV wasting syndrome, cardiomyopathy, nephropathy sepsis, pneumonia, septic arthritis, endocarditis, sinusitis, or diarrhea requiring intravenous hydration, intravenous alimentation, or tube feeding. No evidence in the medical reports indicate the presence of these manifestations at the levels required for disability listing.

Finally, a disability determination due to HIV is warranted under Listing 14.08N if repeated manifestations of HIV infection result in significant, documented symptoms or signs and either a marked restriction of activities of daily living, a marked difficulty in maintaining social functioning, or a marked difficulty in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. 20 C.F.R. Part 404, Subpt. P, App. 1, 12.02B, 14.08N.

The administrative record supports the ALJ's finding that Plaintiff's HIV does not amount to a disability listing under 14.08N. While Plaintiff often complained of fatigue, malaise, and pain, which may be related to repeated manifestations of HIV infection, there is sufficient evidence in the medical records to support the ALJ's finding that Plaintiff does not suffer from *marked* restrictions or difficulties in activities of daily living, in maintaining social functioning, or in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. In February 2003, a Disability Determination Services (DDS) non-examining psychologist found that Plaintiff was mildly limited and restricted in activities of daily living, and moderately limited in social functioning and in concentration, persistence, and pace (Tr. at 233). In February 2004, a different DDS non-examining psychologist found Plaintiff to have "mild" limitations in activities of daily living, social functioning, and concentration, persistence, and pace (Tr. at 318). The ALJ found that there was a "mild," degree of limitation

in Plaintiff's activities of daily living and level of social functioning and a "moderate" degree of limitation in Plaintiff's ability to maintain concentration, persistence, or pace (Tr. at 18). There is sufficient evidence to support the ALJ's findings that Plaintiff's functional limitations do not rise to the degree of a "marked" limitation, as required for listing.

        2. Plaintiff's thrombophlebitis does not meet the requirements for listing under 11.14.

There is ample support for ALJ Bernstein's finding that Plaintiff's thrombophlebitis does not meet the requirements for Listing 11.14. To establish the presence of a disability under 11.14, Plaintiff must show that he exhibits disorganization of motor function, accompanied by "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Part 404, Subpt. P, App. 1, 11.14. In four medical reports between July 2003 and July 2004, Dr. Adel Sulaiman noted that Plaintiff exhibited a wide, slightly wide-based, or an imbalanced gait (Tr. at 330-52). In April 2004, Dr. Sulaiman found Plaintiff's gait to be almost normal (Tr. at 336), and in June 2004, Dr. Sulaiman found Plaintiff's gait to be normal (Tr. at 334). In February 2004, Dr. Mohammad Jaffri found Plaintiff's gait to be normal (Tr. at 299).

There is no further evidence in the record that indicates the degree of disorganization of motor function required for listing under 11.14. Nor is there evidence that Plaintiff's

thrombophlebitis meets the requirements for Listing 4.11 (Chronic Venous Insufficiency). Furthermore, Dr. Gil Marzinek found that Plaintiff showed no signs of acute thrombosis (Tr. at 183). Based on the evidence in the record, the ALJ was justified in determining that Plaintiff was not disabled due to thrombophlebitis.

> 3. Plaintiff's borderline intellectual functioning does not meet the requirements for listing under 12.05 (Mental Retardation).

Claimant has been diagnosed with borderline intellectual functioning (Tr. at 217). He has a full scale I.Q. of 79 (Tr. at 215). Considering his I.Q., in order to qualify as suffering from a disability under Listing 12.05 (Mental Retardation), Plaintiff would need to show "[m]ental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded." 20 C.F.R. Part 404, Subpt. P, App. 1, 12.05A. The administrative record does not indicate that Plaintiff exhibits such a level of dependence or inability. Plaintiff reported that he was able to prepare meals, clean, shop, iron, and manage his personal hygiene (Tr. at 176). According to two consultative psychiatric evaluations performed by Dr. Thomas Dickinson, dated February 14, 2003 and February 6, 2004, Plaintiff was able to understand, remember, and carry out simple and repetitive work instructions with only mild supervision (Tr. at 216, 296). Dr. Dickinson opined that Plaintiff was able to maintain

attention and concentration and to make appropriate basic work decisions. Id.

The only medical report that suggests that Plaintiff might qualify for a disability under Listing 12.05 is Dr. Dickinson's determination that Plaintiff, in February of 2003, was not able to perform tasks in a reliable manner and would be further limited in dealing with work stress and in dealing with co-workers, supervisors, and customers (Tr. at 216). In a follow-up consultative psychiatric evaluation and report, dated February 6, 2004, Dr. Dickinson stated that claimant would show only mild troubles in dealing adequately with co-workers, supervisors, and customers (Tr. at 296). Dr. Dickinson noted that Plaintiff "spoke of difficulty performing physical tasks in a reliable manner," but he did not make a determination as to Plaintiff's reliability. Id. The ALJ noted that no other treating physician or consulting examiner found Plaintiff to be unable to perform work-related activities (Tr. at 19). The ALJ's conclusion that Plaintiff's inability to perform tasks in a reliable manner was due to his alcoholism, and not due to his borderline intellectual functioning level, is supported by substantial evidence in the record.

> 4. Plaintiff's diagnosed alcohol dependence does not meet the requirements for listing under 12.09 (Substance Addiction Disorders).

Plaintiff has been diagnosed as having alcohol dependence, though it was in remission at the time of the hearing (Tr. at 177, 293). The record provides substantial evidence for the ALJ's

finding that Plaintiff's alcohol dependence did not rise to the level required of a disability listing under 12.09. Such a listing for a substance addiction disorder would require Plaintiff to satisfy one of nine requirements. 20 C.F.R. Part 404, Subpt. P, App. 1, 12.09. The level of severity required for disability listing due to substance addiction disorders is met when the requirements for listing under any of the following are satisfied: organic mental disorders, depressive syndrome, anxiety disorders, personality disorders, peripheral neuropahties, liver damage, gastritis, pancreatitis, or seizures. Id.

Evidence in the record does not suggest that Plaintiff suffers from seizures, pancreatitis, gastritis, or liver damage. Nor is there sufficient evidence to support a finding that Plaintiff suffers from an anxiety disorder or a personality disorder. As previously discussed, there is sufficient evidence in the record to support the ALJ's finding that Plaintiff did not exhibit the requisite level of disorganization of motor function.

Plaintiff also failed to show that he is severely impaired by a substance addiction disorder due to either an organic mental disorder or depressive syndrome. In order to meet the requirements for listing under either of these disorders, a claimant must demonstrate, _inter_ _alia_, that his impairment results in at least two of the following conditions: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in

maintaining concentration, persistence, or pace; or repeated, extended episodes of decompensation. 20 C.F.R. Part 404, Subpt. P, App. 1, 12.02B, 12.04B. As previously noted, ALJ Bernstein found there to be a "mild," but not a "marked," degree of limitation in Plaintiff's activities of daily living and level of social functioning and a "moderate," though not a "marked," degree of limitation in Plaintiff's ability to maintain concentration, persistence, or pace (Tr. at 18). The record indicates, at most, one or two episodes of decompensation (Tr. at 233)--not enough to be considered "repeated episodes" under Listing 12.09. Accordingly, there is sufficient evidence in the record to support the ALJ's findings that Plaintiff does not suffer from a substance addiction disorder.

> B. The ALJ's finding that Plaintiff maintains the residual functional capacity to perform a full range of sedentary exertional activities is supported by substantial evidence in the record.

The ALJ concluded that the Plaintiff has the exertional capacity to perform substantially all of the requirements of sedentary work (Tr. at 21). This finding was substantially more restricting than the State's assessment of Plaintiff's exertional capacity, in which a DDS analyst found that Plaintiff was able to perform a wide range of medium exertional activities (Tr. at 303). I find that the ALJ's conclusion, that the claimant retained the residual functional capacity sufficient to perform sedentary work, is supported by the record.

C. The ALJ properly evaluated Plaintiff's subjective complaints.

Pursuant to the Social Security Act, the ALJ must carefully consider the statements of an individual claiming disability to the extent that they are consistent with the objective medical evidence in the record. Social Security Ruling 96-7p. ALJ Bernstein found that the objective medical evidence contained in the record did not support a finding of disability. The ALJ properly construed Plaintiff's testimony in light of the evidence in the record and sufficiently explained her reasons for discrediting Plaintiff's subjective testimony (see Tr. at 19).

### III. Plaintiff's latest motion for appointment of counsel is denied.

Plaintiff requested appointment of counsel in two prior motions. Pl.'s Mot. to Appoint Counsel, 06/09/2006; Pl.'s Mot. to Appoint Counsel, 06/30/2006. Magistrate Judge Foschio denied both prior requests without prejudice due to an inadequate showing that appointment of counsel was warranted in this matter. Order Denying Pl.'s Mo. to Appoint Counsel, 06/20/2006; Order Denying Pl.'s Mot. to Appoint Counsel, 07/18/2006. In ruling on a motion for appointment of counsel, factors to be considered include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

Magistrate Judge Foschio found that Plaintiff initially demonstrated an ability to present his claims to this Court and address the issues presented, and Plaintiff had not demonstrated that he had made an effort to obtain counsel on his own. Order Denying Pl.'s Mo. to Appoint Counsel, 06/20/2006; Order Denying Pl.'s Mot. to Appoint Counsel, 07/18/2006. Magistrate Judge Foschio further found that the issues presented in this case are ones which can be reviewed in the administrative record which is before the Court. Id.

While Plaintiff has since made efforts to obtain counsel on his own, these minimal efforts do not outweigh the remaining reasons to deny this third motion for appointment of counsel. Plaintiff has demonstrated an ability to present his claims to the Court, he has addressed the relevant issues, and the Court is able to review sufficiently the issues presented in the administrative record. A court should not appoint counsel if "the merits of the . . . claim are thin and [the movant's] chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Furthermore, "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper, 877 F.2d at 172. After considering the merits of Plaintiff's claims, I find that the record before the Court does not warrant appointment of counsel. For these reasons, I deny Plaintiff's third request for appointment of counsel.

CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion to appoint counsel is denied, and Plaintiff's Complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 5, 2008